**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RODNEY LASHAIN WASHINGTON, | Case No. 2:22-cv-01450-CDS-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| SUSAN IVANY, et al., | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) |
| Defendants. | |

Pro se plaintiff Rodney Lashain Washington filed an application to proceed in forma pauperis (IFP). ECF No. 1. I deny Washington's IFP application without prejudice.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Plaintiff Washington submitted the Short Form IFP application. ECF No. 2. His handwriting is very difficult to read, but it appears that plaintiff states that he makes $2,900 per month and that he has

2

$2,400 in savings. ECF No. 1. Plaintiff states that he has $4,200 in monthly expenses, but he does not specify what those expenses are, or how he pays these bills. *Id.* Plaintiff states that he has no assets. *Id.* However, I take judicial notice that this is a copyright infringement case, and in plaintiff's proposed complaint, he is suing multiple parties, including some sort of former business partner, for collecting streaming royalties for his music that he says he owns. ECF No. 1-1. He seeks at least $75,000 in damages. *Id.*

Plaintiff states that he has no assets, but he owns intellectual property that is being infringed. Although intellectual property is not tangible, it is an asset, and it apparently is an asset the plaintiff believes is worth enough money to form the basis of this lawsuit. Plaintiff has not listed his intellectual property portfolio as an asset. Plaintiff also has not provided any details about his $4,200 monthly expenses, including how he pays them, given that he claims he only makes $2,900 per month. I cannot determine whether the applicant qualifies for IFP status. I will give plaintiff one opportunity to file a complete IFP application. I order that the plaintiff must complete the Long Form application. Plaintiff is required to provide comprehensive information regarding his sources of income, employment history, bank accounts, assets, monthly expenses, how he pays his bills, and his years of schooling, among other things.

I deny plaintiff's IFP application without prejudice. I give plaintiff thirty days to file an updated IFP application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since I deny plaintiff's IFP application, I do not screen his complaint now.

ACCORDINGLY,

I ORDER that Washington's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

I FURTHER ORDER that Washington has until Thursday, October 20, 2022, to file an updated IFP application using the Long Form or pay the filing fee as specified in this order. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 20th day of September 2022.

                                                CAM FERENBACH
                                                UNITED STATES MAGISTRATE JUDGE